Good morning, Your Honor. May it please the Court, Laura Dalbo for the appellant Marcellas Hoffman. I'd like to reserve two minutes for rebuttal. All right. This case is about an isolated incident of egregious misconduct by a federal prison guard. Officer Preston intentionally encouraged inmates to attack an individual inmate, Mr. Hoffman, by labeling him a snitch and offering to pay other inmates to harm him. As a result, Mr. Hoffman was brutally beaten in his cell by another inmate. There is no dispute that this conduct violates the Eighth Amendment. The question here is whether Mr. Hoffman may take damages to redress his injury under Bivens. The answer is yes. Binding Supreme Court precedent instructs that a federal prisoner may seek damages under the Eighth Amendment in this context. In Farmer, the Supreme Court directly addressed an Eighth Amendment Bivens claim where federal prison officials failed to protect an inmate from prisoner-on-prisoner violence. Pardon me, but may I interrupt you for a second? In Farmer v. Bennett, was there any mention by the Supreme Court that this was a fourth Bivens case which was admissible? Yes, it mentioned Bivens at the beginning of the opinion. It cited Bivens when it stated that the prisoner brought a Bivens complaint. It cited Bivens and Carlson there. Then later on, when the decision was discussing the deliberate indifference standard and it held that subjective recklessness must be shown, it explained that Bivens is a civil lawsuit. It was explaining the context for why it still thought that subjective recklessness is the appropriate standard, even though it was a civil suit. Usually, subjective recklessness is in the criminal context. So it did acknowledge that it was a Bivens suit in the decision. Can I ask a question, Ms. Talbot? Yes. In the allegations, were there facts alleged as to whether the prisoners who the defendant guard offered to payment or in front of whom the guard labeled the plaintiff a snitch? Was one of those the one who attacked him? Yes. So the allegations in the complaint state that Mr. Hoffman was attacked as a result of being labeled a snitch. And the inmate who is alleged to have attacked him heard the snitch label, and that is why he was beaten. Was he among those offered payment for attacking Mr. Hoffman? I'm not sure. I think that there can be an Eighth Amendment violation, even if an inmate is subjected to a substantial risk of serious harm. So I think offering to pay inmates on its own can support an Eighth Amendment violation. Alternatively, even without the offering to pay allegations, being labeled a snitch is sufficient to support an Eighth Amendment violation. This court held that in Van Landingham, and he was attacked as a result of being labeled a snitch. So I think on a loan, that's enough to support the Eighth Amendment claim. Well, as a result of being labeled a snitch by a guard? Yes, yes. Does the time lag between the labeling and the attack matter in terms of the Bivens connection? I don't think the time lag makes a difference for the Bivens connection because this is all related conduct, and it's also all in the past. So it's still a specific incident of misconduct. Mr. Hoffman is not challenging an ongoing policy or more widespread prison policy, which would be wrong. Can you address the availability of state damages? Yes. So Mr. Hoffman could not seek state tort damages against Mr. Hoffman individually. It would have to be through the Federal Tort Claims Act, which substitutes the federal government as a defendant. And we do not think that is an adequate alternative remedy here. The Supreme Court held in Carlson that the FTCA was intended to be complementary to a Bivens action, and it was not an adequate alternative because it doesn't have the same deterrent purpose since it suits the government instead of the individual. And this court in Bouley also held that the FTCA is not an adequate alternative to a Bivens cause of action. And the court in a non-presidential decision in Reed also held the FTCA was not an adequate alternative. Can I ask you, Ms. Ogle, this occurred in California, did it not? Yes. Why can't you sue in the California state court against Mr. Preston? So my understanding is that the FTCA makes itself the exclusive remedy for actions that arise out of an officer's performance of their duties while they're on the job, unless there's a constitutional claim or a claim under federal law. So I think the FTCA excludes all other actions except for a Bivens claim or a federal action. You mean to say the actions of Mr. Preston were in the course and scope of his duties as a federal officer? Well, it occurred while he was performing his duties, and the FTCA includes intentional torts by law enforcement officers, which has been held to apply to prison guards. So my understanding is that this conduct would fall within that realm of intentional conduct that the FTCA covers. Now, he could bring an FTCA action. The only difference between that and a California assault claim would be that he wouldn't get a jury, right? There is another difference as well, which is that punitive damages are not available under the FTCA. And the judgment would be against the United States instead of Officer Preston individually. So we think the deterrence value would not be as strong with an FTCA. Would an intentional tort claim be covered under the FTCA? Intentional tort claims are only covered for law enforcement officers. If there are no further questions, I'll reserve the rest of my time for rebuttal. Well, I guess I do have one other question. There's a robust argument that the Supreme Court so disfavors Bivens' actions that this might be viewed as a new context and one that would not be viewed favorably. Can you address those arguments, which are essentially Abbasi, and explain why the Third Circuit, which sort of says opposed to Abbasi, this is still right, should be the one that is taken in this case? Yes. So two responses. First, we think the Third Circuit Bestrian decision was correct that Farmer did recognize a Bivens' action for the failure to protect inmates from prisoner-on-prisoner violence. And Abbasi did not overrule that precedent. Abbasi did not overrule any of its Supreme Court precedent. And it took great care to emphasize that it was not intended to cast doubt on the settled law of Bivens. So that's the first answer. The second answer is, even if this were viewed as an extension of Bivens, the Supreme Court recognized in Abbasi that extensions may be available when no special factors counsel hesitation. And here, any extension would be exceedingly modest. The only difference between this claim and the claim in Carlson is that the injury arose from an officer provoking violence instead of denying medical care. And our view is that there's no reason a claim should be available for denying medical care, but not when an officer intentionally instigates an assault on a prisoner. There's no separation of powers concerns that were present in Abbasi, such as national security or foreign policy. And this falls within the realm of cases where a damages remedy is necessary to deter unconstitutional conduct and to redress past harm. It's individualized mistreatment of an individual inmate by one rogue prison officer. And this will not interfere with the executive branch of prison policy. All right. Thank you, counsel. We'll give you a minute for rebuttal. Thank you. Mr. Scarborough? Good morning. Philip Scarborough, appearing on behalf of the appellee, Officer Preston. I'd like to begin by addressing the exhaustion of remedies argument very briefly. The primary argument that the appellant has in opposition to the exhaustion of remedies argument is that this issue wasn't preserved in the district court after the first amended complaint was filed. But I would direct the court's attention to excerpt of record 38, which is the first amended complaint itself. At paragraphs 4 through 6, the first amended complaint itself refers to the district court's decision on the administrative exhaustion issue. So I think in this circumstance where the complaint itself actually refers to the district court's decision, it's incorporated by reference, and there was no need to refile a motion for summary judgment when it was clear from the current decision how that would already come out. Moving on to the merits of the exhaustion argument, I'd like to address, first of all, primarily the unnumbered grievances, what I referred to in my brief as the unnumbered grievances. These are grievances that the Bureau of Prisons has no record of having received, but that the district court interpreted a declaration from Mr. Hoffman saying he gave to a prison case manager at the prison. First off, the declaration itself is worth reviewing because it actually doesn't say what the district court interpreted it to say it said. And I would direct the court to the declaration at supplemental excerpts of record 152. Now, how do we know it doesn't actually refer to the unnumbered grievances? Because there at SER 152, it refers to a BP-9, a BP-10, and a BP-11. And that's what that declaration is talking about. Within the unnumbered grievances, there is no BP-11. This isn't one. We know right off the bat it can't possibly be referring to those grievances. In addition, that paragraph at SER 152 refers to forms that were rejected because they were photocopied. But the record also shows at SER 72 and 75 that it was a different grievance that was rejected because it was photocopied. So the declaration that Mr. Hoffman submitted actually has nothing to do with those unnumbered grievances. And there is no evidence in the record on summary judgment showing that he actually gave those administrative grievances to the case manager. There's also... Counsel, this is a Rule 12b-6 dismissal. This is not summary judgment. I'm not... And also, you're referencing a lot of pro se papers. He's now represented, and it's well known that we read pro se papers more liberally. And so really, I'm not following you down this exhaustion administrative thing because what I see, what I have in front of me is a dismissal under 12b-6 for failure to state a Bivens claim. I understand, Your Honor, and I'll move on to talk about that now then. At the first stage of Abbasi, the question is whether there's a new context. Now, the two cases that have come up in the briefing are Carlson and Farmer. Addressing Farmer first, it's crystal clear from Farmer itself that the Supreme Court did not address anything to do with whether it was extending Bivens in that case. Now, yes, it was a Bivens case, but it's not uncommon for the Supreme Court to just not address whether it's extending the Bivens cause of action into a particular case, as it's done several times, particularly in the First Amendment context. The Farmer decision itself says specifically that the reason they took the case and granted certiorari was to resolve a conflict among the courts of appeals about the substantive standard for Eighth Amendment violations. And it then cited two different circuit decisions that had different standards, one of which was the Section 1983 case. So they weren't addressing and they didn't perform a special factors analysis in Farmer. On top of all of that, as recently as last year in Hernandez, the Supreme Court specifically, again, listed just the three cases, Carlson, Davis, and Bivens, that had recognized a cause of action under Bivens. So then the question, as far as from our perspective, is that does this fit under Carlson? And the answer is no, it doesn't. It might just be a little bit of an extension of Carlson, but it is still an extension nonetheless. The Supreme Court, again, last year said that it takes a broad view of the new context inquiry. And it said in Abbasi itself that the new context inquiry is easily satisfied. So those things right there, Carlson involved a claim of medical deliberate indifference to medical needs. It didn't involve this type of a claim. Now, why is that significant? That's significant because in a claim for medical care, there are medical records that are left behind. There are doctors who can testify about what treatment was provided. There are additional doctors who can be called as expert witnesses to testify about what treatment should have been provided. This case, by contrast, turns on a disputed interaction between a prisoner and a prison guard that lasted perhaps 30 seconds or a minute, and that then three or four months later resulted in an alleged assault on the prisoner. So particularly in light of the Supreme Court's direction that the new context inquiry is easily satisfied, then this is an extension, even if it's a small extension, of Bivens. And this court and the Supreme Court have repeatedly recognized that Carlson had to do with medical claims and have described it as such. Can I ask a question, Mr. Scarborough, about your extension argument? Yes, Carlson is a medical care claim, but we have a Supreme Court case that says that when a guard is deliberately indifferent to the risk that an inmate will be attacked by other inmates and fails to protect against that risk, there is a Bivens claim. And here we have allegations, not Supreme Court, allegations that this guard not only was deliberately indifferent to a risk, he created the risk. And how can there be an extension when the allegations are even more extreme than the case in which the Bivens claim was recognized? Yes, you're referring to Carlson? Carlson and Farmer himself. Okay, and so with respect to Farmer, it's our position that Farmer did not recognize a Bivens cause of action. And I've already explained those reasons in that setup. Except for the moment, a different viewpoint on that, that Farmer did implicitly, at least, but perhaps even more than that, proceed on a Bivens claim. It would still be an extension, Your Honor, because again, what I would point to is the length of time that a medical case involves. That involves a much more robust record, whereas here, what you're talking about, you're talking about constitutionalizing very small and minor disagreements that resulted in disciplinary proceedings. And so, you know, if the court were to adopt the view that Farmer recognized a Bivens, the Farmer had recognized the Bivens cause of action, then I think it's very difficult for us to get past new context. I will say that much. I will still make the argument that it's different and that this still extends even beyond Farmer, which involved, you know, a transsexual prisoner, a person who was part of what we would consider to be a protected class now and a disfavored class. And so that is, you know, that's a very different situation than what we have here. You know, I do think that we get past the new context argument. The Supreme Court has emphasized it's easily satisfied when it compared the new context arguments in Abbasi itself. It did not compare them to Farmer. Farmer was cited in the dissent. It's not like the Supreme Court didn't know about Farmer. And so I think with an easily satisfied standard, we get past that. I'd like to move on now and talk about the alternative available remedies, which is one of the main special factors that should be considered here. We have the prison remedies. We also have the possibility of injunctive relief. And I think that's worth mentioning and thinking about a little more deeply. We have a great length of time here that passed between the alleged interaction and the alleged assault, several months. Now, opposing counsel has made the argument that there wasn't enough time, even in three or four months, to ripen that for a court. But that's just not the case. The administrative remedies process specifically provides for emergency remedies to be to be expedited. They can skip several levels of review. And then once it gets to a district court, a district court is going to pay far more attention, much more quickly to a to a temporary restraining order or a preliminary injunction motion than it will to a regular case. Mr. Scarborough, can I ask you a question? Yes. Is it your position that you concede that a California assault action or a federal torts claim action is not an alternative remedy? No, I think that I think that those are available alternative remedies. The FTC certainly is available here. The Supreme Court has made clear that not the Supreme Court, but rather Congress has made clear that it wishes to allow intentional torts for correctional officers to be brought under the FTC. And that's a factor that the underwriting, the underwriting concern for this court in deciding whether there's a special factor is, is there a reason that Congress didn't want didn't want to create a cause of action? And you have examples of that in the form of the legislation, allowing that, allowing an FTC action against prison guards, for example. How can an FTC action be an adequate remedy if the plaintiff cannot get a jury trial and cannot get punitive damages? So the Supreme Court has also made clear that the exact types of remedies don't need to be made available with the alternative remedies. What case is that? That's in Abbasi itself, I believe. And so, you know, and then many other cases of rejecting Bivens causes of action, such as Moss, I believe, and some others as well. So, so it doesn't have to be exactly the same. I see that I'm over time. And unless there are further questions, I'll submit the argument. All right. Thank you, counsel. Ms. Dobow, I'll give you a minute to rebut. Thank you, Your Honor. First, Farmer was a Bivens case, and this is not meaningfully different. Farmer directly dealt with the duty to protect prisoners from prisoner on prisoner violence. We think the best interpretation of the language in Abbasi is that Farmer falls within the same context as Carlton. And this claim falls within that context as well. And the FTCA is not an adequate remedy because the Supreme Court reiterated in Abbasi that the purpose of Bivens is to deter unconstitutional conduct. And the FTCA does not serve the same deterrent purpose. The Supreme Court held so in Carlson, and that continues to apply to this case. With that, we ask that you reverse and revamp the district court's decision. Thank you. All right. Thank you very much, counsel. Hoffman versus Preston will be submitted and we'll take up. Pani Agua, Baltazar versus Wilkinson.
judges: Wardlaw, Bea, Rosenthal